# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LENROY McLEAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     Case No. CIV-25-1165-PRW |
| | ) |
| PAMELA BONDI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## <u>ORDER</u>

Before the Court is Petitioner's Motion for Reconsideration (Dkt. 21), Motion for Contempt (Dkt. 22), Motion for Sanctions (Dkt. 23), and Motion for Correction of the Record Following Unlawful Deportation During Pending Habeas Review (Dkt. 24). For the reasons that follow, the Motions (Dkts. 21, 22, 23, 24) are **DENIED**.

### *Background*

Petitioner originally filed a Petition for a Writ of Habeas Corpus (Dkt. 1) on October 7, 2025, in which he asked the Court to review an Immigration Judge's order of removal and the Board of Immigration Appeals' denial of his appeal of that order.

Magistrate Judge Suzanne Mitchell issued an Order (Dkt. 5) on October 10, 2025, requiring Respondents to provide "at least 72 hours advance notice of any scheduled removal or transfer of Petitioner out of this Court's jurisdiction."[1] On October 22, 2025, counsel for Respondents filed a Notice (Dkt. 10) in which he stated that Petitioner had been

---

[1] Order (Dkt. 5), ¶4.

removed from the United States on October 16, 2025.[2] On November 14, 2025, the Court adopted Magistrate Judge Mitchell's Report and Recommendation (Dkt. 11), in which she recommended the Court dismiss Petitioner's Petition (Dkt. 1) since his removal from the United States mooted the case and because the Court lacked jurisdiction to review Petitioner's removal order.[3]

After his removal, Petitioner filed the instant Motions (Dkts. 21, 22, 23, 24), complaining of his removal in alleged violation of Magistrate Judge Mitchell's Order issued on October 10, 2025, and asking the Court to impose sanctions on numerous officials, to reconsider the Court's Order (Dkt. 18) dismissing the Petition, and to correct the record.

### *Analysis*

As a first matter, the Motion for Reconsideration (Dkt. 21) is untimely. Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight (28) days of entry of judgment. Any motion to reconsider would have thus been due no later than December 12, 2025, and Petitioner submitted his Motion (Dkt. 21) on December 19, 2025. To the extent the Motion (Dkt. 21) could be construed under Rule 60(b), Petitioner has failed to identify any persuasive basis for relief.

Further, Petitioner misconstrues Magistrate Judge Mitchell's October 10, 2025 Order. Throughout his Motion for Reconsideration (Dkt. 21), Petitioner argues that the

---

[2] Supp. Not. (Dkt. 10), ¶5.

[3] R&R (Dkt. 11), at 6–7.

Order (Dkt. 5) "bar[red] removal without notice."[4] As the Court previously quoted, the Order (Dkt. 21) only required Respondents to provide notice before any scheduled removal or transfer. The Order (Dkt. 21) was not a stay of Petitioner's removal, but rather Judge Mitchell's attempt to stay abreast of Petitioner's location while his Petition (Dkt. 1) was litigated. And in any event, Petitioner was subject to a final removal order that this Court lacked jurisdiction to review. In short, the Court could not have granted Petitioner the relief he sought regardless of his location (Dkt. 1).[5]

Petitioner also misunderstands the effect his removal had on his case. Respondents' failure to comply with Magistrate Judge Mitchell's Order (Dkt. 5) also did not affect the ultimate disposition of Petitioner's case because jurisdiction attaches when a petition is filed, "and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."[6] Petitioner's removal mooted the case not because *he* was outside the jurisdiction of the Court, but because a habeas court exercises jurisdiction over a *custodian* and Petitioner was no longer in custody.[7]

And while Petitioner's removal may have made filing objections to Magistrate Judge Mitchell's Report and Recommendation (Dkt. 11) more difficult (but not impossible), there was no objection that would have altered the outcome of this case, because, again, the Court lacked jurisdiction to review his final order of removal. And even

---

[4] Mot. (Dkt. 21), at 14.

[5] *See* R&R (Dkt. 11), at 6–7.

[6] *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

[7] *Braden v. 30th Judicial District Ct. of Ky.*, 410 U.S. 484, 494–95 (1973).

if Petitioner had timely objected to make the arguments he now presses, those arguments are without merit. Plaintiff claims that the Court's disposition of his case was based on a record that does not reflect that he was removed before counsel for Respondents provided the required notice to the Court. That's wrong. Counsel for Respondents took care to notify Judge Mitchell that Petitioner was removed as soon as he found out about the removal, so Judge Mitchell understood that advance notice was not provided. Petitioner's multitude of other dubious legal claims challenging the Court's holding that the case was moot upon his removal are plainly incorrect. For all these reasons, the Court will not reconsider the judgment entered in this case.

Finally, the Court is troubled by the fact that the Motions (Dkts. 21, 22, 23, 24) appear to have been prepared (at least in part) and filed by David Simpson, rather than by Petitioner. In the Court's November 14, 2025 Order (Dkt. 18), the Court made clear that 28 U.S.C. § 1654 does not permit non-attorneys to file motions such as this on behalf of other parties.[8] By all appearances, Mr. Simpson appears to be engaged in the unlicensed practice of law with his purported representation of Petitioner. While Petitioner signed the Motions, Mr. Simpson has also signed the motions and the motions were mailed from Mr. Simpson's New York address. The Motion for Reconsideration (Dkt. 21) also contains factual inconsistencies that Petitioner would be unlikely to make in his own case. For example, the Motion (Dkt. 21) represents that Magistrate Judge Mitchell issued the Order

---

[8] Order (Dkt. 18), at 1 n. 1.

at issue here on January 8, 2024[9] and simultaneously claims that Petitioner *has* returned to the United States[10] and that he *cannot* return to the United States (Petitioner would surely know his own location).[11] All that to say, the Court is deeply skeptical that Petitioner represents himself in this matter. It appears that Mr. Simpson continues to engage in the unauthorized practice of law, despite the Court's warning to him about such conduct.

Accordingly, the Court finds no prejudice to Petitioner by Respondents' failure to comply with Judge Mitchell's October 10, 2025 Order (Dkt. 5). Sanctions are not warranted against any party and the Motions (Dkts. 21, 22, 23, and 24) are **DENIED**.

**IT IS SO ORDERED** this 28th day of April 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[9] *Id.* at 3.

[10] *Id* at 4.

[11] *Id.* at 16.

5